WELLS, SHERIFF, v. STANDARD OIL CO.*

(Division B.    May 16, 1927.)

[112 So. 674.    No. 26550.]

1. LICENSES. *Oil dealers held not liable for separate privilege tax on each pump or compartment of tank with capacity of less than one hundred gallons (Laws 1926, chapter 118, section 86).*

   Under Laws 1926, chapter 118, section 86, imposing annual privilege tax on oil dealers, oil dealer *held* not liable for separate tax on each pump or compartment of tank having total storage capacity of less than one hundred gallons, since only one tax is imposed by the act on tanks or containers where total storage capacity is one hundred gallons or less, regardless of number of pumps used in connection therewith.

2. LICENSES. *Only one annual privilege tax is required on aggregate storage capacity of oil containers with capacity of less than one hundred gallons (Laws 1926, chapter 118, section 86).*

   Laws 1926, chapter 118, section 86, imposing annual privilege tax on gasoline and oil dealers, *held* to require only one tax on aggregate storage capacity of small oil containers where total capacity is not in excess of one hundred gallons.

*Corpus Juris-Cyc. References: Licenses, 37CJ, p. 224, n. 68; p. 250, n. 56.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Suit by W. S. Wells, sheriff and tax collector of Hinds county, against the Standard Oil Company. From a judgment sustaining a demurrer to the declaration, plaintiff appeals. Affirmed.

*Rush H. Knox,* Attorney-General, for the state.

As the representative of the state of Mississippi and at the request of the appellant that I present this matter to the supreme court upon behalf of appellant, I submit that in my opinion the judgment of the lower court was correct. It is in accordance with an official opinion heretofore rendered by me to the Hon. George D. Riley, auditor of the state of Mississippi on April 8, 1926.

The record shows that the appellee taxpayer and other gasoline and oil dealers have paid the privilege tax in question in accordance with that official opinion and that the amount of additional tax sued for herein cannot be collected.

The fair and just and reasonable construction of this law is that in imposing the tax upon gasoline and oil dealers the legislature never intended to impose the more than burdensome tax which the declaration demanded in the instant case.

*G. Garland Lyell,* for appellee.

Laws imposing taxes are to be strictly construed and in favor of the citizen and are never to be construed as imposing a burden upon the citizen upon doubtful interpretation. *Ex parte Taylor,* 58 Miss. 478; *R. R. Co.* v. *State,* 62 Miss. 105; *State* v. *Simonds,* 70 Miss. 485; *Bluff City R. R. Co.* v. *Clarke,* 95 Miss. 689, 49 So. 177; *Wilby* v. *State,* 93 Miss. 767, 47 So. 465; *Bell* v. *Kerr,* 80

Miss. 177, 31 So. 708; *Lynch* v. *State,* 78 Miss. 347, 29 So. 76; 17 R. C. L., "Licenses," page 475, section 3.

The attorney-general has well and truly stated that *in volume and money value,* the *lubricating oils* sold by this defendant and all other dealers in the state of Mississippi are not ten per cent of the entire volume of business done with gasoline included, and far more containers are used for oil than gasoline.

The plural is always used in the last paragraph of the act in question. It refers to "containers," "compartment tanks," "tanks," etc., with the plain provision that only one tax applies.

In conclusion we say that it is the one hundred gallons of total storage capacity of all the containers in the aggregate that is taxed.

HOLDEN, P. J., delivered the opinion of the court.

The suit is by W. S. Wells, sheriff and tax collector of Hinds county, against the Standard Oil Company to recover privilege taxes alleged to be due by the oil company as a dealer in gasoline and oils. The claim is resisted upon the ground that the tax attempted to be collected is in excess of that imposed by the statute (section 86 of chapter 118, Laws of 1926), and that, the oil company having paid a privilege tax on the basis of one tax upon containers and compartment tanks containing one hundred gallons, or less, in the aggregate, it owes nothing. A demurrer to the declaration was sustained by the lower court, which held, in effect, that only one tax on the basis of a capacity of one hundred gallons of oil was chargeable, regardless of the number of tanks or containers holding the one hundred gallons. The appeal is from this judgment.

The act imposing the tax provides, in part, as follows:

"Sec. 86. *Gasoline and Oil Dealers.* An annual privilege tax is hereby imposed on each person, firm or corporation selling gasoline and oil and fuel for motor vehicles, in addition to any excise tax on the sale of gasoline and motor vehicle oils or fuel imposed or that may hereafter be imposed for each gas, fuel or oil pump installed; whether such pump be movable or stationary, and where such gas, oil or fuel is sold without the use of pumps on each container from which gas, oil or fuel is sold:

In cities of twenty thousand inhabitants or more . . $20.00

· · · · · · · ·

"Provided, only one tax apply to oil containers or compartment tanks, regardless of number of pumps attached to said containers or tanks when the capacity of said containers or compartment tanks does not exceed one hundred gallons."

The question presented for decision is whether the legislature intended that the oil dealer should pay a separate privilege tax for each pump installed on containers or tanks regardless of the number of gallons of oil contained in each tank or container, or whether the taxing act was meant to impose a privilege tax on tanks and containers on the basis that there should be one tax on each one hundred gallons, or less, of oil in the containers, computing the amount of oil in the containers, in the aggregate. To illustrate: If a compartment tank has five pumps, one attached to each compartment, and the total storage capacity of the tank is seventy-five gallons of oil, fifteen gallons in each compartment, would the dealer be due a separate tax on each pump or compartment of the tank where the total storage capacity is less than one hundred gallons, as provided by the act? We think not.

The taxing act means that only one tax is imposed upon the tanks or containers the total storage capacity of which is one hundred gallons, or less, regardless of the number of pumps used in connection therewith.

We also construe the act to mean that only one tax is due on the aggregate storage capacity of small oil containers where the total capacity is not in excess of one hundred gallons. We will put it in another way: The purpose of the act is to impose a tax upon the containers in the aggregate where the total capacity is one hundred gallons, or less, and a tax on each one hundred gallons capacity, or less, thereafter.

The record discloses that the oil dealers in this state use a large number of these small oil containers and compartment tanks with separate pumps attached. If each pump or compartment in the tanks and containers was subject to a separate privilege tax, regardless of total gallonage, the validity of the act might come in question, but we shall not attribute such unreasonable intent to the legislature in the passage of the act.

The judgment of the lower court is correct.

*Affirmed.*